

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 16, 1947

Honorable L. A. Woods          Opinion No. V-255
State Superintendent
Department of Education      Re:  Exemption of the munic-
Austin, Texas                     ipal light and power
                                  plant of the City of Jas-
                                  per from taxation by the
                                  Jasper Independent
Dear Sir:                         School District

          You have requested an opinion from this Depart-
ment as to whether or not the power and light plant now
being operated by the City of Jasper is subject to taxa-
tion by the Jasper Independent School District. The brief
which accompanied your request reveals the following facts:

          The properties here in question were purchased by
the City of Jasper in 1946 for a cash consideration of
$120,000.00. No lien of any character or kind was retained.
In other words absolute title in fee simple is vested in the
City of Jasper. These properties are now being managed and
operated for the City by a commission of five resident citi-
zens. Apparently no delinquent taxes had accrued prior to
the time the City acquired ownership. Therefore this opin-
ion is limited to a consideration of whether or not the Jas-
per Independent School District may presently subject these
properties to taxation.

          A similar fact situation was before the Supreme
Court of Texas in A. & M. Consolidated Independent School
District v. City of Bryan, 184 S.W. (2) 914. The City of
Bryan owned and operated a rural electrification system
which supplied electrical energy and lights to the inhabit-
ants of the City of Bryan and the surrounding rural terri-
tory. The School District sought to impose a tax on the
rural electrification lines within the District but outside
the City of Bryan. The Court held that all the property
both in and out of the City was "public property used for
public purposes" and exempt from taxation either by virtue
of Article XI, Section 9 of the Constitution of the State
of Texas or by virtue of Article 7150, R.C.S., enacted in
pursuance to the provisions of Article VIII, Section 2 of
the Constitution of the State of Texas.

This result was reached in denial of the District's contention that in order to gain the exemption the property must be devoted primarily to serving the inhabitants of the municipality. The Court said:

"In our opinion the particular location of the property within the State has nothing to do with the right to the exemption, nor does the right to the exemption depend on the residence of those of the public who enjoy the use thereof. It is the fact that the property is owned by the public and is used for the welfare of the public of some portion of the State that entitles it to the exemption."

You are therefore advised that the municipal light and power plant of the City of Jasper is exempt from taxation by the Jasper Independent School District. For a detailed analysis of the controlling constitutional and statutory provisions see the opinion in the City of Bryan case, supra, and the authorities cited therein.

## SUMMARY

The municipal light and power plant of the City of Jasper is exempt from taxation by the Jasper Independent School District. Article XI, Section 9, and Article VIII, Section 2 of the Constitution of the State of Texas; Article 7150, R.C.S.; A. & M. Consolidated Independent School District v. City of Bryan, 184 S.W. (2) 914.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Marietta Creel*
Mrs. Marietta Creel
Assistant

APPROVED:

*Price Daniel*
ATTORNEY GENERAL

MC/lh